People v Grzegorzewski (2024 NY Slip Op 05657)

People v Grzegorzewski

2024 NY Slip Op 05657

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, KEANE, AND HANNAH, JJ.

353 KA 23-00182

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTONIO GRZEGORZEWSKI, DEFENDANT-APPELLANT. 

NATHANIEL L. BARONE, II, PUBLIC DEFENDER, MAYVILLE (HEATHER BURLEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (MICHAEL J. PISKO OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Chautauqua County Court (David W. Foley, J.), dated December 21, 2022. The order, insofar as appealed from, designated defendant a sexually violent offender. 
It is hereby ORDERED that the case is held, the decision is reserved, and the matter is remitted to Chautauqua County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order insofar as it designated him a sexually violent offender under the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Due to the designation, which is based on a felony conviction in California requiring defendant to register as a sex offender in that state, defendant is subject to lifetime registration as a sex offender in New York even though County Court determined that he is only a level one risk. The designation was made pursuant to Correction Law § 168-a (3) (b) insofar as it defines a sexually violent offense as including a "conviction of a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred." Although defendant concedes that he qualifies as a sexually violent offender under the foreign registration clause of § 168-a (3) (b), he contends that the provision is unconstitutional on its face and as applied to him under the Due Process Clause of the Fourteenth Amendment to the Federal Constitution (US Const, 14th Amend, § 1), inasmuch as his out-of-state felony conviction was for a nonviolent offense. Defendant further contends that the foreign registration clause violates the Privileges and Immunities Clause of the Federal Constitution (US Const, art IV, § 2).
In January 2005, defendant was convicted in California by a nolo contendere plea of lewd or lascivious acts committed on a child under the age of 14 (Cal Penal Code § 288 [a]). At the time of the crime, the statute provided that "[a]ny person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in [California Penal Code] Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony" (id. [emphasis added]; see 1998 Cal Legis Serv ch 925, § 2).
Among the applicable "lewd or lascivious act[s]" (Cal Penal Code § 288 [a]) provided for in California Penal Code Part 1 was oral copulation (Cal Penal Code former § 288a [subsequently renumbered Cal Penal Code § 287] [a]; [b] [1]; see 2002 Cal Legis Serv ch 302, § 4; 2018 Cal Legis Serv ch 423, § 49), as limited by the age provision of section 288 (a), and, under California law, California Penal Code § 288 (a) also encompassed "any touching of an underage child committed with the intent to sexually arouse either the defendant or the child" (People v Martinez, 11 Cal 4th 434, 442 [1995] [internal quotation marks omitted]; see also People v Myers, 2003 WL 195007, *2 [Cal Ct App, 2d Dist, Div 2, 2003]).
In other words, at the time that defendant violated the statute, oral copulation with or any touching of a child under the age of 14 with the required sexual intent violated the statute. There is no dispute that, at the time of the crime, the victim was under the age of 14.
According to the case summary prepared by the Board of Examiners of Sex Offenders in New York, the factual allegations underlying the California conviction were that defendant, at the age of 18 or older, engaged in oral and other sexual conduct with a developmentally challenged boy who was 12 and 13 years of age, on multiple occasions from August 2002 to October 2003. The case summary further stated that defendant had no other reported convictions.
The merits of defendant's as-applied substantive due process claim turn on whether the felony sex offense of which defendant was convicted in California was violent in nature (see People v Malloy, 228 AD3d 1284, 1290-1291 [4th Dept 2024]). If the felony of conviction, by virtue of its statutory elements (see id. at 1291), involved sexually violent conduct, then the foreign registration clause of Correction Law § 168-a (3) (b) is not unconstitutional as applied to defendant inasmuch as he committed a violent sex offense even if it does not include all of the essential elements of one of the sexually violent offenses in New York enumerated in Correction Law § 168-a (3) (a). If, however, defendant was convicted of an out-of-state felony that is nonviolent in nature, we would conclude that the statute is unconstitutional as applied to defendant for the reasons set forth in People v Malloy (228 AD3d at 1287-1291; see People v Zellefrow, 229 AD3d 1069, 1070 [4th Dept 2024]; People v Cromwell, 229 AD3d 1176, 1177-1178 [4th Dept 2024]).
Assuming, arguendo, that the applicable underlying California criminal statute was California Penal Code former § 288a, we cannot determine whether the crime of which defendant was convicted is violent in nature. It is unclear from the limited record before us whether the crime of conviction is comparable to the former New York felony of criminal sexual act in the first degree (Penal Law former § 130.50 [4]), which New York law considers a sexually violent offense (see Correction Law § 168-a [3] [a] [i]), or whether the California crime is comparable to the former New York felony of criminal sexual act in the second degree (Penal Law former § 130.45 [1]), which New York law does not consider a sexually violent offense (see Correction Law § 168-a [3] [a] [i]).
Alternatively, assuming arguendo that the underlying "lewd or lascivious act" was touching, we note that, under California law, California Penal Code § 288 (a) was violated by any touching of an underage child with the applicable intent, regardless of whether it occurred underneath or on top of the child's clothing (see Martinez, 11 Cal 4th at 444). It follows that the crime of which defendant was convicted may be comparable to lesser New York offenses, such as the misdemeanor of forcible touching (see Penal Law § 130.52), which is not a sexually violent offense (see Correction Law § 168-a [3] [a] [i]).
Based on the record and briefing before us, we cannot determine whether the crime of conviction in California was violent in nature. Under the circumstances, we are similarly unable to determine whether the foreign registration clause of Correction Law § 168-a (3) (b) is constitutional, under the Due Process Clause, as applied to defendant. We therefore hold the case, reserve decision, and remit the matter to County Court to decide whether the foreign registration clause is constitutional as applied to defendant.
Additionally, the People have never argued that the essential elements of the California felony were the statutory equivalent of a sexually violent offense in New York under the essential elements test set out in the first disjunctive clause of Correction Law § 168-a (3) (b). We decline to consider that alternative basis for affirmance, sua sponte, for the first time on appeal (see generally Misicki v Caradonna, 12 NY3d 511, 519 [2009]). Therefore, we also remit to County Court to consider whether the California felony includes all of the essential elements of a sexually violent offense set forth in Correction Law § 168-a (3) (a) (see People v Weber, 40 NY3d 206, 211-212 [2023]).
We have considered defendant's remaining constitutional challenges to his designation as a sexually violent offender under the foreign registration clause and conclude that they lack merit (see Malloy, 228 AD3d at 1291-1292).
Lindley, J.P., Keane, and Hannah, JJ., concur; Curran, J., concurs in the following memorandum: I respectfully concur with the majority insofar as it concludes that the matter must be remitted to County Court for consideration of whether defendant is a sexually violent offender under the essential elements test found in the first disjunctive clause of Correction Law § 168-a (3) (b) (see generally CPLR 5522 [a]; People v Weber, 40 NY3d 206, 211-212 [2023])—an issue the majority properly declines to consider as an alternative basis for affirmance, sua sponte, for the first time on appeal (see generally Misicki v Caradonna, 12 NY3d 511, 519 [2009]). However, I would not remit the matter for consideration of whether defendant's out-of-state felony conviction was violent in nature, because I conclude that defendant met his burden, on his as-applied due process challenge to the second disjunctive clause of Correction Law § 168-a (b) (3), of showing that there is no rational basis for designating him a sexually violent offender solely on the ground of an out-of-state felony conviction requiring him to register as a sex offender in that jurisdiction (see People v Brightman, 230 AD3d 1527, 1529-1530 [4th Dept 2024]; People v Cromwell, 229 AD3d 1176, 1177-1178 [4th Dept 2024]).
Ogden, J., concurs in the result in the following memorandum: I concur in the result reached by the majority insofar as the majority concludes that the matter must be remitted to County Court for consideration of whether defendant is a sexually violent offender under the essential elements test. For the reasons stated in my concurring memorandum in People v Malloy (228 AD3d 1284, 1292-1294 [4th Dept 2024] [Ogden, J., concurring]), however, I disagree with the majority's reasoning as it relates to the second disjunctive clause of Correction Law § 168-a (3) (b). In my view, the second disjunctive clause of Correction Law § 168-a (3) (b) is unconstitutional on its face.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court